# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| WILLIE GEORGE RANSOM, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:10-CV-57-CDL-GMF |
| | * | 42 U.S.C. § 1983 |
| JUDGE WILLIAM SMITH, *et al.,* | * | |
| | * | |
| Defendants. | * | |

## **REPORT AND RECOMMENDATION**

Plaintiff, Willie Ransom, presently an inmate at the LaGrange Transitional Center in LaGrange, Georgia, has filed the above styled Section 1983 action against the named Defendants. Because there is no specific venue statute for civil rights actions, the general venue statute applies. Specifically, 28 U.S.C. § 1391(b) states that a civil action based on federal question jurisdiction, as is the case here, may only be brought in the judicial district where at least one defendant resides or in which a substantial part of the events which gave rise to the claims occurred. LaGrange, Georgia, is located within the United States District Court for the Northern District of Georgia, where all of the events which form the basis for this case allegedly occurred. However, because Defendant William Smith's residence is found to be located within the United States District Court for Middle District of Georgia, Columbus Division, the suit was properly brought in this court and may proceed.

Preliminary Review

Plaintiff's above styled Complaint filed under 42 U.S.C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit:

> The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in

> which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

Likewise, a court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

The United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978).

In this case, Plaintiff, who is currently serving an eight year prison term for aggravated stalking, alleges that he was arrested on September 25, 2006, for aggravated stalking, following the issuance of an arrest warrant. (R-1, p. 5). He contends that the warrant was dismissed for lack of

probable cause and he was released on October 12, 2006. *Id.* He claims he was re-arrested the same day on a "duplicate warrant" which was never filed and which was falsified. *Id.* Plaintiff was denied bond, and thereafter convicted of the charge of aggravated stalking. *Id.* He claims that the arrest was not supported by probable cause and was a violation of his Fourth Amendment rights, and further claims false arrest, false imprisonment and malicious prosecution. *Id.* at 6. He seeks an investigation into the LaGrange Police Department and the Troup County Magistrate Court. *Id.*

## ANALYSIS OF THE LAW

I.   Statute of Limitations

A statute of limitations begins to run when a cause of action accrues. Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985). The United States Court of Appeals for the Eleventh Circuit has held that the Georgia two-year personal injury limitations period for injuries to the person under O.C.G.A. § 9-3-33 applies to § 1983 actions in a Georgia district court. *Mullinax v. McElhenney*, 817 F.2d 711 (11th Cir. 1987) (construing O.C.G.A. § 9-3-33).

Plaintiff alleges that the acts in question occurred on or before October 12, 2006. Thus, the two year period for the statute of limitations began to run on October 13, 2006, and ended on October 12, 2008. Plaintiff filed his complaint on May 28, 2010, over one year and seven months after the statute of limitations expired. Therefore, Plaintiff's complaint is barred by the applicable statute of limitations. The liberal construction that is granted pro se litigants in filing their complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999).

II.     Heck v. Humphrey

Plaintiff's § 1983 action is also barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id*. at 487. When a section 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid.

Plaintiff complaint in this case merely makes statements that, if proved, would invalidate the state criminal proceeding. As Plaintiff has not demonstrated that his sentence has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus pursuant to a State habeas corpus action, he fails to state a cause of action upon which this court may grant relief.

WHEREFORE, IT IS HEREBY RECOMMENDED that the current Complaint be DISMISSED as frivolous and for failing to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED**, THIS the 23rd day of June, 2010.

              **S/ G. MALLON FAIRCLOTH**
              **UNITED STATES MAGISTRATE JUDGE**

eSw